UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Terri Leanne Maxwell,

                Plaintiff,

                                        Case No. 5:21-cv-10902

v.

                                        Judith E. Levy

United States of America,          United States District Judge

                Respondent.

_____/

## OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

This matter is before this Court on a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. An individual named Michael J. Dee filed this petition on behalf of Terri Leanne Maxwell. The petition challenges Maxwell's federal prosecution for various drug charges in federal court. For the reasons that follow, the petition for writ of habeas corpus is summarily denied.

## I. Background

At the time Dee filed the Petition, Maxwell was facing charges in the United States District Court for the Eastern District of Michigan with Importation of Controlled Substances, 18 U.S.C. § 952, Possession With

Intent to Distribute Marijuana, 18 U.S.C. § 841(a)(1), and Conspiracy to Distribute Marijuana, 18 U.S.C. § 846.[1] The case remains pending before Judge Gershwin A. Drain. On September 7, 2022, Maxwell entered into a plea agreement with the United States. She is awaiting sentencing. Maxwell is represented by counsel in that case.

Dee's petition filed on behalf of Maxwell challenges Maxwell's pending federal criminal charges. Dee explains, "[t]his application for a writ of habeas corpus is signed by 'someone acting in' defendant's 'behalf' not on her behalf as a lawyer. 28 U.S. Code § 2242. Reason, ineffective assistance of counsel." (ECF No. 1, PageID.1.) Accordingly, Dee has not identified himself as an attorney, has not filed an appearance on Maxwell's behalf, nor is he acting as Maxwell's lawyer.

## II. Discussion

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district

---

[1] See *United States v. Maxwell,* No. 2:21-cr-20168 (E.D. Mich.).

2

court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. Rule 4; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (stating that the district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999). No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141. Courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241. *See e.g. Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (additional citations omitted). Because the instant petition is facially insufficient to grant habeas relief, it is summarily dismissed. *Id.*

3

The petition for writ of habeas corpus must be dismissed for two reasons. First, Dee lacks standing to file a habeas petition on behalf of Maxwell, because he failed to demonstrate that it is necessary for him to represent Maxwell in federal court. Second, even if Mr. Dee is able to proceed as Maxwell's "next friend", Maxwell is nonetheless not entitled to habeas relief for the reasons further set forth below.

Dee lacks standing to file a petition on behalf of Maxwell. There are circumstances where a "next friend" can appear in court on behalf of another person, for example, "on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves." *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). An application for a writ of habeas corpus may be filed by one person on behalf of another. 28 U.S.C. § 2242 ("Application for writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended *or by someone acting in his behalf.*" (emphasis added)).

However, "next friend" status will not be granted automatically "to whomever seeks to pursue an action on behalf of another." *See Whitmore*, 495 U.S. at 163. Two "firmly rooted prerequisites" must be satisfied before "next friend" status will be conferred. *Id.* First, "a 'next friend'

4

must provide an adequate explanation-such as inaccessibility, mental incompetence, or other disability-why the real party in interest cannot appear on his own behalf to prosecute the action." *Id*. Secondly, "the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Id*. Restrictions have been imposed upon whom may act as a "next friend" because "[i]t was not intended that the writ of habeas corpus should be availed of, as matter of course, by intruders or uninvited meddlers, styling themselves next friends." *Id*. at 164. The burden is on the next friend "clearly to establish the propriety of his status and thereby justify the jurisdiction of the court. *Id*.

Dee is not entitled to maintain a "next friend" action on behalf of Maxwell, because he failed to allege or present any evidence that she is incompetent or incapable of bringing a habeas petition on her own behalf. Nor has Dee presented evidence that he is "truly dedicated" to Maxwell's interests. *See Tate v. U.S.*, 72 F. App'x 265, 267 (6th Cir. 2003). Accordingly, Dee lacks standing to file a petition on behalf of Maxwell and the petition is dismissed.

Even if Dee had standing, the petition is still dismissed. It is well-established that a criminal defendant cannot file a petition for writ of

5

habeas corpus to raise defenses to a pending federal criminal prosecution. *See Jones v. Perkins*, 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); *Riggins v. United States*, 199 U.S. 547 (1905); *Horning v. Seifart*, 107 F. 3d 11 (Table), No. 1997 WL 58620, * 1 (6th Cir. Feb. 11, 1997); *Ferguson v. Gilliam*, 946 F. 2d 894 (Table), No. 1991 WL 206516, * 1 (6th Cir. Oct. 11, 1991).

The claims set forth in the petition challenge the constitutionality of incarceration as a punishment for violating federal controlled substances laws. (*See, e.g.*, ECF No. 1.) The petition argues, among other things that "safety of [marijuana] use is demonstrated by states legalizing marijuana by the political process. This makes the defendants a nonperson subject to seizure by political police power." (Id. at PageID.2.) To the extent the Court understands this argument correctly, that marijuana possession and/or use should not be illegal under federal law, this issue would be dispositive of her pending federal criminal charge if it were meritorious, and must be exhausted at trial and on appeal in the federal courts before habeas corpus relief would be

6

available. *See e.g. Malone v. State of Tenn.,* 432 F. Supp. 5, 5–6 (E.D. Tenn. 1976).

## III. Conclusion and Order

The Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 is summarily denied. Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F. 3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of her habeas petition.

The Court denies Petitioner leave to appeal *in forma pauperis* because any appeal could not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

Dated: April 11, 2023      s/Judith E. Levy
    Ann Arbor, Michigan     JUDITH E. LEVY
                                          United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 11, 2023.

                                            s/William Barkholz
                                            WILLIAM BARKHOLZ
                                            Case Manager