## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Terri Leanne Maxwell,

                     Petitioner,

v.

United States of America,

                     Respondent.

_____/

Case No. 21-cv-10902

Judith E. Levy
United States District Judge

Mag. Judge Curtis Ivy, Jr.

## OPINION AND ORDER DENYING
## THE MOTION FOR RECONSIDERATION [7]

Before the Court is Michael J. Dee's motion for reconsideration. (ECF No. 7.) For the reasons that follow, the motion is denied.

### I.  Background

Dee previously filed a petition for a writ of habeas corpus on behalf of Petitioner Terri Leanne Maxwell. (ECF No. 1.) Dee did not identify himself as an attorney, nor did he file an appearance indicating that he was representing Maxwell. The petition itself stated that Dee signed the

petition as "someone acting in" [sic] Maxwell's behalf but "not on her behalf as a lawyer."[1] (*Id.* at PageID.1.)

In the petition, Dee challenged Maxwell's federal prosecution for drug-related charges in a case in this district before Judge Gershwin A. Drain.[2] *See United States v. Maxwell*, No. 2:21-cr-20168 (E.D. Mich.). Dee argued that Maxwell was "in custody in violation of the Constitution of the United States under or by color of the authority of the United States. . . . Being in custody is deprivation of liberty." (ECF No. 1,

―――――――――――――――

[1] In a subsequent filing, Dee stated that

[a]s "someone" applicant does not have any contact with the Petitioner. I don't think it is necessary for her to be informed about this petition for habeas relief. Maybe the Petitioner already knows. Any response to a court order by the government should be sent to applicant filing in [sic] behalf of the Petitioner.

(ECF No. 3, PageID.8; *see* ECF No. 7, PageID.25 (stating that Maxwell "probably does not know about th[e] petition for writ of habeas corpus").)

[2] In the criminal case before Judge Drain, the indictment charged Maxwell with possession with intent to distribute a controlled substance (marijuana), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count 1); and importation of a controlled substance (marijuana), in violation of 21 U.S.C. §§ 952, 960(b)(3) (Count 2). (*United States v. Maxwell*, No. 2:21-cr-20168, ECF No. 16 (E.D. Mich. Mar. 10, 2021).) On September 7, 2022, Maxwell pled guilty to Count 2 of the indictment pursuant to a Rule 11 plea agreement. (ECF No. 36.) On October 4, 2023, Maxwell was sentenced to a term of imprisonment of ninety days to be followed by a one-year term of unsupervised release. (ECF No. 47.) Count 1 of the indictment was dismissed based on the government's motion. (*Id.* at PageID.273.)

PageID.1.) He further argued that "[t]he operation and effect of enforcing marijuana laws has deprived Ms. Maxwell's liberty without compelling reasons for the U.S. Congress to proscribe cannabis, therefore without due process of law, violating Amendments IV and V of the United States Constitution." (*Id.* at PageID.4.)

On April 11, 2023, the Court issued an opinion and order summarily denying the habeas petition and denying leave to appeal *in forma pauperis*. (ECF No. 5.) *Maxwell v. United States*, No. 5:21-cv-10902, 2023 WL 2899513 (E.D. Mich. Apr. 11, 2023). The Court also entered a judgment on that date. (ECF No. 6.) The judgment dismissed the case with prejudice. (*Id.*)

The Court determined on April 11, 2023 that Maxwell was not entitled to habeas relief because Dee lacked standing to file a habeas petition on her behalf, given that he failed to demonstrate that it was appropriate for him to act as Maxwell's "next friend." *Maxwell*, 2023 WL 2899513, at *2. In addition, the Court denied habeas relief because "[i]t is well-established that a criminal defendant cannot file a petition for writ of habeas corpus to raise defenses to a pending federal criminal prosecution." *Id.* (internal citations omitted). The Court noted that Dee

3

"challenge[d] the constitutionality of incarceration as a punishment for violating federal controlled substances laws." *Id.* The Court found that Dee's possible assertion "that marijuana possession and/or use should not be illegal under federal law . . . would be dispositive of [Maxwell's] pending federal criminal charge if . . . meritorious, and must be exhausted at trial and on appeal in the federal courts before habeas corpus relief would be available." *Id.* (internal citation omitted).

On April 24, 2023, the Clerk's Office filed on the docket Dee's motion for reconsideration, which is dated April 17, 2023. (ECF No. 7.) The motion is titled "Motion to Reconsider Denying Petition for Writ of Habeas Corpus With Prejudice." (*Id.* at PageID.21.)

## II.    Legal Standard

As an initial matter, motions for reconsideration of final orders or judgments are no longer permitted under Eastern District of Michigan Local Rule 7.1 and must be brought under Federal Rule of Civil Procedure 59(e) or 60(b). *See* E.D. Mich. LR 7.1(h)(1)[3]; *Ackerman v.*

---

[3] As of December 1, 2021, Eastern District of Michigan Local Rule 7.1(h)(1) states: "Parties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). The court will not grant reconsideration of such an order or judgment under this rule."

*Washington*, No. 13-14137, 2021 WL 5782896, at \*1, n.1 (E.D. Mich. Dec. 7, 2021) ("Motions for reconsideration of final orders and judgments are no longer allowed under Local Rule 7.1 but must be made under Federal Rule[ ] of Civil Procedure 59(e) or 60(b)." (citing E.D. Mich. LR 7.1(h)(1))). Dee does not appear to be a lawyer, as noted above. Because he is self-represented and filed his motion within twenty-eight days of the entry of the judgment, the Court construes his motion for reconsideration as a motion to alter or amend the judgment under Rule 59(e). *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed' . . . ." (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))); *cf. Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999) (stating—before the December 1, 2021 amendment to Local Rule 7.1(h)(1) took effect—that "[a] motion to alter or amend judgment pursuant to Rule 59(e) may properly be analyzed as a motion for reconsideration pursuant to Local Rule 7.1 (E.D. Mich. 1998)").

Under Rule 59(e), "[a] district court may alter or amend its judgment based on '(1) a clear error of law; (2) newly discovered evidence;

(3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Brumley v. UPS*, 909 F.3d 834, 841 (6th Cir. 2018) (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)). "Rule 59(e) allows for reconsideration," *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008), but "[a] motion under Rule 59(e) is not an opportunity to re-argue a case," *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (internal citation omitted). "A Rule 59 motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Brumley*, 909 F.3d at 841 (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486, n.5 (2008)). "The purpose of Rule 59(e) is 'to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings[.]'" *Young v. Jindal*, No. 21-12170, 2024 WL 459051, at *1 (E.D. Mich. Feb. 6, 2024) (alteration in original) (quoting *Howard*, 533 F.3d at 475). "[D]istrict courts have considerable discretion in deciding whether to grant Rule 59 motions . . . ." *Clark v. United States*, 764 F.3d 653, 661 (6th Cir. 2014).

### III.  Analysis

In his motion, Dee acknowledges that the Court found that he lacked standing to file a habeas petition on behalf of Maxwell. (*See* ECF No. 7, PageID.21.) He takes issue with the Court's decision because "[n]o where [sic] is the word 'liberty' mentioned in the Opinion and Order." (*Id.*) Dee argues that "[t]his court has willfully deprived Maxwell [of] equal protection of her liberty, without due process of law, under the color of law." (*Id.*) He argues that Maxwell "is in custody in violation of the Constitution . . . of the United States," and he repeats language that appeared in the petition: "The ground for Writ of Habeas Corpus is Ms. Maxwell [is] in federal custody in violation of Amendments IV and V of the Constitution of the United States. She has been deprived of her liberty, without compelling reasons for Congress to proscribe marijuana, therefore without due process of law." (*Id.* (quoting ECF No. 1, PageID.3).) Dee states in his motion that the habeas petition "is challenging the reasonableness, the validity, the constitutionality of the United States Congress proscribing marijuana as a controlled dangerous substance." (*Id.* at PageID.22.)

The Court denies Dee's motion because he does not identify "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Brumley*, 909 F.3d at 841 (internal citation omitted). Dee presents issues in his motion that were previously before the Court. Therefore, he does not demonstrate that relief under Rule 59(e) is warranted. *See id.*; *Sault Ste. Marie Tribe of Chippewa Indians*, 146 F.3d at 374. Accordingly, Dee's motion for reconsideration, construed as a motion to alter or amend the judgment under Rule 59(e), is denied.

## IV. Conclusion

For the reasons set forth above, Dee's motion for reconsideration (ECF No. 7) is DENIED.

IT IS SO ORDERED.

Dated: March 5, 2024                     s/Judith E. Levy
     Ann Arbor, Michigan              JUDITH E. LEVY
                                 United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 5, 2024.

<u>s/William Barkholz</u>
WILLIAM BARKHOLZ
Case Manager
